UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, subscriber assigned IP address 102.129.235.40,<br><br>　　　　Defendant. | Case No. 24-cv-3037-RC-MJS |

### MEMORADUM OPINION AND ORDER

This matter is before the Court on Plaintiff Strike 3 Holding LLC's ("Strike 3") motion for leave to file a third-party subpoena prior to a Rule 26(f) conference. (ECF No. 4.) Because the limited discovery that Strike 3 seeks—the identity of the allegedly infringing IP subscriber—is both relevant and proportional to the needs of the case, Strike 3's Motion is **GRANTED**.

### BACKGROUND

Plaintiff Strike 3 Holding LLC ("Strike 3") is a producer and distributor of adult films. (ECF No. 1 ¶¶ 2, 3.) Strike 3 brings suit under the Copyright Act, 17 U.S.C. § 101, *et seq*, against a "John Doe" defendant alleged to have illegally downloaded and distributed more than two dozen of Strike 3's films. (*Id.* ¶¶ 4–6.) Using its own in-house infringement detection system, Strike 3 alleges to have "discovered that Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." (*Id.* ¶¶ 27–28, 37); *see AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (providing an overview of online piracy carried out via BitTorrent). Strike 3 filed this action to halt and remedy the alleged infringement.

1

To move forward, Strike 3 needs to be able to identify the suspected infringer to name them in this lawsuit, but it only has an IP address—no other identifying information. (ECF No. 1 ¶¶ 5, 12.) Strike 3 reports that it was able to use "geolocation technology … to determine that Defendant's IP address traced to a physical address" within the District of Columbia. (*Id.* ¶ 9.) But beyond that, Strike 3 asserts that the subscriber's identity can be only ascertained through information from the user's Internet Service Provider ("ISP"), Spectrum. (*Id.* ¶ 5; *see* ECF No. 5 at 2.)[1] Strike 3 now seeks leave to serve a Rule 45 third-party subpoena on Spectrum to discover that information. (ECF No. 4.) Strike 3 posits that serving this "limited, immediate discovery" would simply require the ISP to disclose John Doe's identity, allowing Strike 3 to investigate their "role in the infringement" and "effectuate service." (ECF No. 5 at 2.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order." Fed. R. Civ. P. 26(d)(1). "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint ... without obtaining identifying information from a third party," this means "'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (cleaned up) (quoting *AF Holdings*, 752 F.3d at 995). In evaluating this type of request, the Court's analysis and discretion is guided by "Rule 26(b)'s general limitations on the scope of discovery." *Id*. And under Rule 26(b), the key parameters are twofold: "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphases added).

---

[1] The Court cites to the page numbers generated by ECF when citing to Strike 3's motion.

## DISCUSSION

Strike 3 seeks leave to serve the Defendant's ISP with a narrowly tailored third-party subpoena for information it contends is necessary to reveal John Doe's "identity" and "begin litigating its infringement claims." (ECF No. 5 at 6.) At this stage, the Court concludes that Strike 3's request is appropriate because it seeks discovery that is both relevant and proportional.

### I.   Strike 3's Requested Third-Party Discovery Is Relevant.

First, the discovery that Strike 3 seeks is relevant to its underlying claim(s). Strike 3 has brought suit against a "John Doe" that exists—at least based on the information presently available to Strike 3—only as an IP address. Strike 3 must serve "John Doe" before this lawsuit can progress, but to effect service, Strike 3 needs to know the identity of the allegedly infringing "John Doe." Thus, the information that Strike 3 seeks to obtain from Spectrum—the identity of "John Doe," *i.e.*, the subscriber assigned to IP address 102.129.235.40—is relevant to its claim.

Although it is possible that the IP subscriber identified in response to the subpoena may not prove to be the alleged infringer, Strike 3 correctly posits that this possibility is not fatal to its request for discovery. Rather, for present purposes, Strike 3 need only demonstrate that "learning the subscriber's identity may help it identify the infringer." *Strike 3 Holdings, LLC v. Doe*, 2023 WL 1861077, at *3 (D.D.C. Feb. 9, 2023); *see also Strike 3 Holdings*, 964 F.3d at 1210 ("At this stage, the court is not asked to pass judgment on the strength of the plaintiff's allegations against the defendant, but to determine whether the plaintiff should have the opportunity to name that defendant in the first place."). Strike 3 met that burden by explaining how it used its infringement-detection system and geolocation technology to tie a single IP address—which Strike 3 plausibly alleges is traceable to a location in the District of Columbia—to the multiple instances of alleged infringement that gave rise to this lawsuit. (ECF No. 5 at 2; ECF No. 1 ¶ 9); *see Strike 3 Holdings*,

964 F.3d at 1210 ("Based on these allegations, a court could reasonably infer that someone with prolonged, continuous access to this IP address was responsible for the alleged infringement. Viewing the allegations in the light most favorable to Strike 3, we think it at least plausible that the registered IP address subscriber actually did the infringing.") (citation omitted).

Finally, "[r]elevancy also requires a 'threshold showing' that the court will have personal jurisdiction over the unknown Defendant." *Strike 3 Holdings, LLC v. Doe*, 2023 WL 4581650, at *3 (D.D.C. July 18, 2023) (quoting *AF Holdings*, 752 F.3d at 995).[2] On that score, the Copyright Act "does not provide for the exercise of personal jurisdiction over alleged infringers on any basis," so this Court's personal jurisdiction over unknown "John Does" depends "on the reach of District of Columbia law." *Malibu Media LLC v. Doe*, 177 F. Supp. 3d 554, 556 (D.D.C. 2016); *see also* Fed. R. Civ. P. 4(k)(1)(A). In these types of cases, other courts in this District agree that personal jurisdiction can be properly exercised "over a defendant who is a 'resident[] of the District of Columbia or at least downloaded the copyrighted work in the District.'" *Strike 3 Holdings, LLC v. Doe*, 2024 WL 3638346, at *2 (D.D.C. Aug. 2, 2024) (quoting *AF Holdings*, 752 F.3d at 996); *see also* D.C. Code §§ 13-422, 13-423(a)(3). This is what Strike 3 alleges here based on the results of its geolocation analysis. And our Circuit has agreed that "geolocation services" provide a reliable means to "estimate the location of Internet users based on their IP addresses." *AF Holdings*, 752 F.3d at 996; *see also Strike 3 Holdings*, 964 F.3d at 1211.

For these reasons, Strike 3's motion satisfies the relevancy requirement.

---

[2] As the D.C. Circuit has explained, "[a]bsent such a threshold showing, there is little reason to believe that the information sought will be relevant to the subject matter involved in the action," because "[t]he identity of prospective defendants who cannot properly be sued in this district can be of little use in a lawsuit brought in this district." *AF Holdings*, 752 F.3d at 995 (quoting Fed. R. Civ. P. 26(b)).

### II. Strike 3's Requested Third-Party Discovery Is Proportional.

Strike 3's requested discovery is likewise "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 itself outlines various factors that bear on a proportionality analysis, including "the importance of the issues at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. "No single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional, and all proportionality determinations must be made on a case-by-case basis." *Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017) (cleaned up). Here, Strike 3 focuses on two factors: the "importance" of the requested discovery to Strike 3's pursuit of its claims and its inability to otherwise "access" the information. The Court agrees that these factors, among others, satisfy the proportionality showing.

First, Strike 3 straightforwardly explains that the requested information is "crucial" because, unless and until Strike 3 confirms the identity of the IP subscriber, it cannot move forward with its claims. *See Strike 3*, 964 F.3d at 1207 ("Such an order is 'the only potential avenue for discovery' in cases in which information from a third party is necessary to identify potential defendants." (quoting *AF Holdings*, 752 F.3d at 995)); *see also* 47 U.S.C. § 551(c)(2)(B).[3] Second, and relatedly, Strike 3 correctly focuses on the so-called "information asymmetry" associated with the information it seeks—*i.e.*, the fact that the ISP has all the information about the IP subscriber's identity and holds the only key to unlocking those details for Strike 3. *See, e.g.*, *BMG Rights Mgmt.*

---

[3] More specifically, an ISP is generally prohibited from "disclos[ing] personally identifiable information" without the subscriber's consent, 47 U.S.C. § 551(c)(1), except when authorized elsewhere in the statute, including "if the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," § 551(c)(2)(B).

*(US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("Only the ISP can match the IP address to the subscriber's identity"). These factors point toward allowing the discovery.

Beyond that, Strike 3 does not otherwise address the remainder of Rule 26(b)(1)'s proportionality factors with any real specificity, but for many of the same reasons that other judges in this District have found those factors satisfied in similar cases seeking similar discovery, the Court agrees that those considerations tilt in favor of Strike 3's request here. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2024 WL 3638347, at *3–4 (D.D.C. Aug. 2, 2024) (finding that remaining Rule 26(b)(1) factors, including the not insignificant amount in controversy associated with many of these infringement claims, the relatively minimal burden on the ISP in identifying and providing the information, and so on, tilt in favor of subpoenas like the one sought here); *Strike 3 Holdings, LLC v. Doe*, 2023 WL 6847017, at *4–5 (D.D.C. Oct. 17, 2023) (similar).

### III.     The Entry of a Protective Order Is Premature.

As a final point, Strike 3 "encourages" the Court to consider entering a "protective order" for the benefit of the IP subscriber, "should the Court find it appropriate." (ECF No. 5 at 11.) The Court appreciates Strike 3's focus on this issue and recognizes that a protective order could potentially be appropriate at some point given the arguably sensitive and embarrassing nature of the claims at issue—*i.e.*, the alleged illegal downloading and infringement of adult films.[4] But the Court is equally mindful of the longstanding presumption in favor of public access to judicial records and proceedings, and so the Court declines to *sua sponte* enter such an order at this juncture. If and when the IP subscriber is identified, the subscriber will be far better suited to request a protective order on more concrete and specific terms, should they wish to do so.

---

[4] The Court is aware that protective orders have been entered in similar cases involving adult content for these very reasons. *Strike 3 Holdings*, 2024 WL 3638346, at *4 (collecting cases).

But to avoid prejudicing the IP subscriber's ability to seek a protective order after they become aware of this matter, the Court will tailor its Order to restrict the public disclosure of the IP subscriber's name and address for a limited period, as explained in more detail below.

## CONCLUSION

For the foregoing reasons, Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 4), is **GRANTED**.

It is hereby **ORDERED** that:

1. Plaintiff is allowed to serve immediate discovery on the identified ISP, Spectrum, by serving a subpoena under Rule 45 that seeks information sufficient to identify Defendant, which may include Defendant's name, address, telephone number, and email address;

2. Plaintiff shall provide the ISP with a copy of this Memorandum Opinion and Order, along with the attached Notice, when it serves its subpoena;

3. If and when the ISP is served with the subpoena, the ISP shall then provide the Defendant with a copy of this Memorandum Opinion and Order, along with the attached Notice, at least ten (10) business days prior to releasing Defendant's identifying information to Plaintiff (the ISP shall revise the attached Notice to include the information that presently appears in italics);

4. If the ISP or Defendant wishes to move to quash the subpoena, any such motion must be filed before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service;

5. The ISP shall preserve any information sought in the subpoena pending the resolution of any timely motion to quash that may be filed;

6. Plaintiff shall refrain from identifying Defendant's name on the public docket for a period of thirty (30) days after receiving the subscriber's identifying information from the ISP; and

7.     Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of pursuing the claim(s) in its Complaint.

The Court further **ORDERS** that on or before December 20, 2024, Plaintiff shall file a status report with the Court briefly outlining its progress working through with these steps, including an expected completion date of the discovery allowed by this Order.

**SO ORDERED**.

Dated: November 18, 2024

                                                  MATTHEW J. SHARBAUGH
                                                  United States Magistrate Judge

**COURT-DIRECTED NOTICE**
**REGARDING ISSUANCE OF SUBPOENA**
**SEEKING DISCLOSURE OF YOUR IDENTITY**

<u>General Information</u>

A legal document called a subpoena has been sent to your Internet Service Provider ("ISP"), requiring the disclosure of your name, address, and other information. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the District of Columbia.

Plaintiff has filed a lawsuit alleging that you have infringed its copyrights by illegally downloading and/or distributing *[insert name of film(s)]*. However, Plaintiff does not know your actual name or address—only the Internet Protocol address ("IP address") of the computer associated with the illegal activity.

If you are receiving this notice, it means Plaintiff has asked your ISP to disclose your identifying information to it, including your name, address, telephone number, and email address. Enclosed is a copy of the subpoena seeking your information and a copy of the exhibit page containing the IP address that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the particular movie.

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If Plaintiff receives your information from your ISP, you may be added as a named defendant to this lawsuit.

To maintain a lawsuit against you in the District Court for the District of Columbia, Plaintiff must establish jurisdiction over you in the District of Columbia. If you do not live in the District of Columbia, for instance, you may be able to challenge the District Court's jurisdiction over you. Additionally, if you do not reside in the District of Columbia, you may also be able to challenge whether this Court is the proper venue for this case. If your challenge is successful, the case in the District of Columbia will be dismissed, but Plaintiff may be able to file suit against you in another state where there is jurisdiction.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice, and you are, of course, free to speak to a lawyer of your own choosing. Please be aware that the judge and the magistrate judge assigned to this case and the Clerk's Office cannot give you legal advice.